UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KOISHEGULOV UTEGEN,

                          Plaintiff,

-against-

ALEJANDRO MAYORKAS, UR JADDOU, and ANDREA QUARANTILLO,

                         Defendants.

**MEMORANDUM AND ORDER**
22-cv-6111 (LDH)

---

      Plaintiff Koishegulov Utegen ("Plaintiff") brings the instant action against Secretary of Homeland Security Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services ("USCIS") Ur M. Jaddou, and Director of USCIS's New York Service Center Andrea Quarantillo, (collectively, "Defendants"). Plaintiff challenges Defendants' denial of his application for lawful permanent status under the Administrative Procedure Act, the Immigration and Nationality Act ("INA"), and the due process clause of the Fifth Amendment of the United States Constitution. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

1

## BACKGROUND[1]

Plaintiff, a citizen of Kazakhstan, was admitted to the United States through a B-1/B-2 visa on March 31, 2016. (Compl. ¶ 1.) In April 2016, Plaintiff's spouse filed an application with USCIS seeking asylum, which included Plaintiff. (*Id.* ¶ 11.) The application remains pending. (*Id.*) On October 21, 2020, Plaintiff filed an application for adjustment of his immigration status. (*Id.*) That application was denied on December 20, 2021. (*Id.*) Plaintiff left the United States in 2021 and re-entered pursuant to a grant of advance parole on October 15, 2021. (*Id.* ¶ 12.) On January 13, 2022, prior to the expiration of his parole, Plaintiff filed a Form I-485 application ("I-485 application") for adjustment of status. (*Id.*) USCIS denied Plaintiff's application on September 16, 2016, finding that Plaintiff "failed to maintain status from September 29, 2016, despite his pending asylum application." (*Id.* ¶ 13.) Specifically, USCIS concluded that "the aggregated period in which he failed to maintain a lawful status or violated the terms and conditions of his admission exceeded 180 days." (*Id.* ¶ 25.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Petitioner bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

favorable to Petitioner[].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## DISCUSSION

Defendants argue that the complaint should be dismissed pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), which deprives the Court of jurisdiction over the discretionary relief found under 8 U.S.C. § 1252. The Court agrees.

Through the INA, as codified at 18 U.S.C. § 1101, *et seq.*, Congress has devised broad rules that allow noncitizens to live in the United States. Among other things, the INA grants the Attorney General discretion to alter the immigration status of noncitizens who have immigrated to the United States. *See* 8 U.S.C. §§ 1255–58. Of particular relevance here, the Attorney General's authorization to approve I-485 Applications is within the INA's grant of discretion. *See* 8 U.S.C. § 1255. However, through Section 1252 of the INA, Congress has placed many of those discretionary actions beyond the scope of judicial review. 8 U.S.C. § 1252. That provision provides:

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or *1255* of this title. . . .

8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added).

It has long been held that among those matters outside the reach of judicial review are claims challenging discretionary decisions that arise in the context of removal proceedings. *See Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(B)(i)) (observing in an appeal from removal proceedings that "[f]ederal courts lack jurisdiction to review a discretionary denial of adjustment of status"). But, the question raised by this dispute is whether § 1252 strips the Court of jurisdiction to consider Plaintiff's challenge to USCIS's denial of his I-485 application, which was made outside of the removal context. This issue has not been addressed by the Second Circuit. *See Rahman v. Mayorkas*, No. 22-904-CV, 2023 WL 2397027, at *1 n.2 (2d Cir. Mar. 8, 2023) ("[T]here is an open question as to whether we have jurisdiction to review any aspect of a USCIS decision denying discretionary relief, such as a status adjustment, outside of a removal proceeding. We decline to address this open question today[.]" (citation omitted)).

In the absence of specific guidance from the Second Circuit, the Court first turns to the language of the statute. Although § 1252's language generally addresses judicial review regarding "final orders of removal," it also states that its jurisdictional bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). The statute makes clear, therefore, that its jurisdictional limitations also apply to review of USCIS decisions made outside of the removal context. *See Maldonado v. Holder*, No. 13-CV-492, 2015 WL 1097364, at *4 (D. Conn. Mar. 11, 2015) (observing that the REAL ID Act of 2005 amended the language of § 1252 to include the phrase "[r]egardless of whether the judgment, decision, or action is made in removal proceedings," which was "evidently a response to cases that had determined that § 1252(a)(2)(B)(ii) only applied to decisions made in the

4

context of removal proceedings") (internal citation omitted).  The fact that Plaintiff's claims do not arise from removal proceedings does not render § 1252 inapplicable in this case.

Indeed, this Court has implicitly made this same finding in a case recently before it.  *See Hui Fen Zhu v. McAleenan*, 501 F. Supp. 3d 139 (E.D.N.Y. 2020).  In *Hui Fen Zhu v. McAleenan*, the petitioner filed an I-485 application for legal permanent residency after gaining asylum in the United States.  *Id.* at 140.  In her application, the petitioner omitted a previous arrest in China for practicing Falun Gong.  *Id.*  Due to this omission, USCIS denied her application despite her clean criminal record in the United States and community ties.  *Id.*  In a subsequent lawsuit against USCIS and the Secretary of the Department of Homeland Security, the Court held that USCIS's determination was discretionary and, therefore, the Court lacked jurisdiction pursuant to § 1252(a)(2)(B)(i).  *Id.* at 141.

Moreover, the Court's conclusion here is supported by the Supreme Court's interpretation of § 1252 in *Patel v. Garland*, 596 U.S. 328 (2022).  There, a petitioner who had unlawfully entered the United States challenged an order of removal that was premised on a factual finding by an immigrating judge that the petitioner misrepresented his citizenship status on a driver's license application.  *Id.* at 334–35.  The petitioner argued in the removal proceedings that he, despite being removable, was nonetheless eligible for a discretionary adjustment of his status because the misrepresentation was "an honest mistake."  *Id.*  The immigration judge disagreed, finding his testimony uncredible.  *Id.*  When the petitioner asked the Eleventh Circuit to review that determination, it held that it lacked jurisdiction under § 1252(a)(2)(B)(i).  *Id.* at 336.  The Supreme Court affirmed, holding that such factual determinations are not reviewable because they are decisions "relating to the granting or denying of discretionary relief," which fall within § 1252(a)(2)(B)(i)'s prohibition on judicial review.  *Id.* at 339.  The Court further acknowledged

5

that, because the petitioner's case arose from removal proceedings, it expressly did not consider whether courts lack jurisdiction to review discretionary determinations outside the removal context. *Id.* at 345. In dicta, however, the Court suggested that Congress may have "intend[ed] to close that door" on such review through § 1252(a)(2)(B), and thus "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 345–46.

Numerous decisions postdating *Patel* have also held that courts lack jurisdiction to review USCIS's denials of § 1255 applications for adjustment of status, outside of the removal context. *See, e.g.*, *Morina v. Mayorkas*, 22-cv-02994, 2023 WL 22617, at *9 (S.D.N.Y. Jan. 3, 2023) (holding "that *Patel*'s holding applies regardless of whether removal proceedings have been commenced"); *Ru Zhang Xu v. USCIS*, No. 19-cv-608, 2019 WL 1473089, at *2 (E.D.N.Y. Apr. 3, 2019) (Cogan J.) (holding that the jurisdictional bar found in § 1252(a)(2)(B) "applies regardless of whether the decision at issue is made in removal proceedings"); *Rabinovych v. Mayorkas*, 624 F. Supp. 3d 19, 25–26 (D. Mass. 2022) (same) (collecting cases).

Particularly instructive is *Khakshouri v. Garland*, No. 22-cv-8508, 2023 WL 3432245 (C.D. Cal. Mar. 23, 2023). There, the plaintiff was admitted to the United States on a B-1 visitor visa, and like Plaintiff, the *Khakshouri* plaintiff was denied a I-485 application because "he was unable to prove that he had maintained lawful status since his entry." *Id.* at *1. When the plaintiff sued USCIS, claiming that its denial violated the Administrative Procedure Act, the agency argued that the court lacked jurisdiction over that claim. *Id.* The district court agreed, stating that "because Plaintiff sought adjustment of his immigration status under § 1255, § 1252(a)(2)(B)(1)'s jurisdiction-stripping provision applies to Plaintiff's claim asserted in this action arising out of USCIS' denial of his application." *Id.* at *3.

Plaintiff urges the Court to depart from *Khakshouri*'s approach, appealing to the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." (Ltr. Br. ("Pl.'s Opp'n") at 1) (citing *Kucana v. Holder*, 558 U.S. 233, 251 (2010).) Plaintiff argues that § 1252's title—which expressly concerns "judicial review of orders of removal"—best informs the provision's meaning. (Pl.'s Opp'n at 2.) Plaintiff is correct that courts should not construe a statute to bar judicial review of agency action absent "clear and convincing evidence to dislodge the presumption." *Kucana*, 558 U.S. at 252 (internal citation and quotation marks omitted). As discussed, however, § 1252 expressly states that its jurisdictional bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). The Court is satisfied that this language is clear and convincing evidence "that Congress did, in fact, intend to close that door [to decisions made outside of the removal context]." *Patel*, 596 U.S. at 345. The Court therefore reiterates its previous determination that it lacks jurisdiction to hear Plaintiff's claim because it challenges a "judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      March 29, 2024  L<small>A</small>SHANN D<small>E</small>ARCY HALL
      United States District Judge